

(Form to be used by federal prisoners filing a civil action under 28 U.S.C. § 1331, civil action under 28 U.S.C. § 1346, or a Bivens action)

## IN THE UNITED STATES DISTRICT COURT

|  |  |  |
|---|---|---|
| MICHAEL A NOLAN, 30230-074 | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.<br><br><br><br><br>Complaint |
| vs. | | |
| MATHEW HAMIDULLAH, Warden;<br>M. RIVERA, Warden;<br>KATHERYN MACK, S.O.E.;<br>ESTILL FEDERAL CORRECTIONAL INSTITUTION;<br>U.S. ATTORNEY GENERAL;<br>DIRECTOR, BUREAU OF PRISONS;<br>B.O.P. REGIONAL DIRECTOR, RAY HOLT;<br>HARRELL WATTS, NATIONAL INMATE APPEALS | | |

(Enter above the full name of each defendant in this action. Do not use "et al.")

**(See [1] below)**

I. PREVIOUS LAWSUITS:

   A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? ☐ Yes   ☒ No

   B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper the same size as this one, and give the same information about the additional case of cases.)

   1. Approximate date of filing lawsuit: _____

   2. Parties to previous lawsuit:

      Plaintiff(s)_____

      Defendant(s)_____

   3. Court: (If federal, name the district; if state, name the county.)

      _____

   4. Docket Number: _____

   5. Name of Judge to whom case was assigned: _____

------

**[1] All Respondants sued in official and personal capacity.**

6. Disposition: (Was the case dismissed? appealed? still pending?)

7. Approximate date of disposition: _____

II. PLACE OF PRESENT CONFINEMENT:

ESTILL Federal Correctional Facility
100 Prison Road
Estill, SC 29918

A. Did you present the facts relating to your present complaint in the internal prison grievance procedure? ☒ Yes ☐ No

1. If your answer to "A" above is "Yes," what was the result?

Denied

2. If your answer to "A" above is "No," explain.

B. Did you present your claim to the Federal Bureau of Prisons or other federal agency for administrative action? ☒ Yes ☐ No

1. If your answer is "yes," state the date such claim was submitted and what action, if any, has been taken.

June 26, 2006, Denied

2. If your claim has been acted on, attach copies of any correspondence you have received from the Bureau of Prisons or other federal agency concerning your claim.

C. Are you suing for a work-related injury? ☐ Yes ☒ No

If your answer is "Yes," state the nature of your duties you were performing when the injury occurred.

III. PARTIES TO THIS SUIT:

A. Name and address of each plaintiff (please include prison number):

Michael A. Nolan, 30270-074
100 Prison Road
F.C.I. Estill
Estill SC  29918

B. Full name of each defendant, his or her official position, his or her place of employment, and his or her full mailing address.

Defendant # 1:
MAthew Hamidullah, Warden
100 Prison Road
Estill SC  29918

Defendant # 2:
M. Rivera, Warden
100 Prison Road
Estill SC  29918

Defendant # 3:
Katheryn Mack, S.O.E.
100 Prison Road
Estill SC  29918

Defendant # 4:
U.S. Attorney General
10th St & Pennsylvania Ave
Washington DC 20534

3

Defendant # 5

Director, Bureau of Prisons
320 First St. NW
Washington DC 20534

Defendant # 6

Regional Director, Ray Holt
3800 Camp Creek Parkway NW, Bldg 2000
Atlanta Ga

Defendant # 7

Harrell Watts, National INmate Appeals
320 First St. N.W
Washington DC  20534

## IV. STATEMENT OF CLAIM

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra pages the same size as this page if necessary.)

SEE ACCOMPANYING MEMORANDUM, FOR COMPLETE DETAILS

The Petitioner is legally blind, and requires certain conditions to live independantly in the prison system. The defendants fail to provide statutorily required conditions for disabled in the prison system. Particularly blind persons. The petitioner is certified legally blind by physicians who provide care and treatment of the petitioner. (See exhibit A, containing a package of documents). This condition will become progressively worse as time goes by.

The petitioner was granted a waiver from participating in the G.E.D. classes at Coleman U.S.P.1 due to his disability, and held that status for 16 months. The Bureau took this position because they did not have accomodations to provide any educational progress, and the medical department certified that the petitioner would not be capable of making progress. The petitioner received the maximum amount of compensation for labor due to this waiver.

Upon arrival at Estill F.C.I., the defendant Mack removed the waiver and caused the petitioner to mandatorilly attend G.E.D. classes that does not have any accomodations for legally blind individuals to independantly progress. The petitioner is currently held at the lowest compensation for labor, because he has been denied the opportunity to progress, discriminated against, and has no future ability to progress. The Bureau discriminates against the petitioner based on his medical condition that has hindered his ability to obtain a G.E.D., and is a direct result of the Bureau failure to provide educational accomodations for disabled blind persons, and the Bureau violates the cruel and unusual punishment clause by penalizing the petitioner due to his disability and their failure to provide services for the handicapped.

Congress wrote findings and established their purpose and intent in the Americans With Disabilities Act. (See 42 USC 12101). Congress expressly declares the purpose of the Act to be: (b), (3) to ensure that the Federal Government plays a central role in enforcing the Standards established in this act on behalf of individuals with disabilities; and (4) to envoke the sweeping congressional authority, in order to addres the major areas of discrimination faced day-to-day by people with disabilities". The Bureau of Prisons fails to comply with the numerous statutes that govern disabled persons, which have been in existance for years. The Bureau violates the 8th Amend.s cruel and unusual punishment clause in a manner that meets congress's findings in the A.D.A. by failing to provide conditions and assistance to compensate the petitioners blindness. (See Accompanying memorandum for complete details). The bureau's actions in inhumane, Uncivilized, undignified, and indecent, in violation of the 8th Am. The Bureau and Attorney General faile the core provisions of their statutory duties in 18 USC 4042, by failing to provide "suitable quarters and care and subsistance of all persons convicted of offenses against the U.S.". (See memorandum). Under the terms of Bivens V Six Unknown federal narcotics agents, __ US __, a federal statute that applies to state entities becomes actionable against the federal government to enforce constitutional rights, and matters of law. The terms of the A.D.A. is clearly applicable against the Bureau, and is applied in § 4042. Compliance is required.

FACTS: The bureau of Prisons and Attorney General fail to provide adequate condition and assistance to provide legally blind individuals with fair conditions to do their daily activities. Improper conditions consist of, (but not limited to) the followin

IV. STATEMENT OF CLAIM (continued)

1. The petitioner cannot see the phone pad to make his calls unassisted, and is entitled to privacy allowing him to key in his pin number and phone no.s himself. This is an electronic devide as covered by statutory definition.

2. The petitioner is unable to see the following printed matter: Books; letters; Magazines; Newspapers; Displays; bulleton boards; forms that may be filled out; receipts from the commisary; monitors; warning and direciton signs; chalk boards; typewritter and computer keyboards; machinary with keyboards or displays, such as copiers, commisary displays, microwaves, washers and dryers, or other equipment. These materials and equipment are "information media", electronic devices, educational equipment, commerce, and communications equipment", all defined by statute.

3. Other matters, such as combination locks, stairways, etc. cannot beeseen clearly, and require replacing, or marked with key locks and signs identifying hazards.

No verbally recorded books are available, or large enough screens, displays, signs, etc. A prison setting requires all inmates to comply with written instructions, and require the warning/information signs to be adequate sized letters.

Delaying G.E.D. progress also delays the ability to take advanced college, vocational, and self taught material, which also needs special conditions for advanced learning. Books are required to be adequately printed to assist a person who is legally blind. Math, English, and Science books must be in large print and accessable in the petitioners cell, to prevent studies independantly. Magazines, newspapers, and books are purchased by the profits of the canteen, and belong to all inmates. These items must be available to legally blind persons, who need larger print. A Scanner, and a computer that enlarges everything, is necessary, and satisfies this need. A laptop uis needed to accompdate in cell reading of Scanned items.

The Attorney General and the Bureau of Prisons, existing under the Department of Justice, fail to comply with Executive Order No. 12250, fail to administer all Regulations implimented by the Department of Health and transfered under the Attorney Generals jurisdiction, as dictated by Executive Order No. 12250. (See Exhibit B, containing a copy of Executive Order No. 12250, and currently maintained in 28 CFR 42.401).

V. RELIEF: State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

1. Order the Bureau of Prisons and Attorney General to create Regulations which reflect a comprehensive policy that protects disabled from discrimination, and adjusts all conditions to allow the full use of all priveleges in equal fashion as the general population possess.

2. Order the Bureau and Attorney General to imporove conditions, including in Education, to enable blind persons to read any media, expressly warning and hazard signs, provide a computer and scanner to copy and enlarge any print, for independant reading in cells or elsewhere, provide phone and all electronic equipment that has large print, including keyboards and electronic displays, where each persons privacy is protected, provide locker locks that do not have combinations that are read, provide warning signs on steps, and correct all other stated problems. ~~I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.~~

Continued on the following page

_____

_____
(Signature of each plaintiff)

Signed this __06__ day of __APRIL__, 20_07_.
          (date)              (month)           (year)

6

V.  RELIEF - continued

3.  Declare that it is cruel and unusual punishment by being undignified, uncivilized, Inhumane, and indecent, to delay completion of a G.E.D., grant a waiver, and remove the waiver without providing any type conditions that an inmate who is legally blind can independantly improve his level of education and complete a G.E.D. And, order that the waiver is reinstated, with retroactive application.

4.  Order that the petitioners pay grade is to be reinstated to reflect the pay grade he pould receive prior to the removal of the waiver, and retroactively apply the pay grade, and any overdue pay that was taken in violation of the 8th Amendment.

5.  Order the Bureau of Prisons and Attorney General to study and correct any discrepencies that do not meet the various statutes for handicapped of all types, including, (but not limited to), legally blind, totally blind, hearing impaired, totally deaf, permantly physically handicapped, mentally handicapped, mute, or emotionally handicapped, to enable them to participate in all activities, independantly, and equally, expressly in the area of employment, vocational learning, and life skills.

6.  Order that the Bureau create a method of responding to complaints that are raised by disabled, that provides positive answers.

6.  Order the Bureau of Prisons to create a policy which requires the Canteen profits to provide disabled with equal access and use of all purchases of products, expressly exercise equipment, sports equipment, including but not limited to special wheelchairs, running prostetics, synthetic voice softwhare equiped to translate written materials for the blind, seeing eye dogs or paid inmates to guide, and any other special equipment that enables disabled to participate in activities and prizes being paid by the canteen profits.

8. Grant any such other relief which is just and fair, including the requirement of the defendants to pay the filing fee and other court costs, postage, and copying costs.