UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Michael Nolan**, #30230-074, | ) | C/A No.  4:07-1141-JFA-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | Report and Recommendation |
| vs. | ) | for "Motion for Temporary |
| | ) | Injunction" and to dismiss |
| **Matthew Hamidullah**, Warden of FCI Estill; | ) | a defendant |
| **M. Rivera**, Warden of FCI Estill; | ) | |
| **Katheryn Mack**, Supervisor of Education at FCI Estill; | ) | |
| **Estill Federal Correctional Institution**; | ) | |
| **Alberto R. Gonzales**, U.S. Attorney General; | ) | |
| **Harley G. Lappin**, Director of Bureau of Prisons; | ) | |
| **Ray Holt**, B.O.P. Regional Director; | ) | |
| **Harrell Watts**, National Inmate Appeals, | ) | |
| | ) | |
| Defendants. | ) | |

_____

The plaintiff, Michael Nolan, proceeding *pro se*, brings this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), which is analogous to a claim against state officials pursuant to 42 U.S.C. § 1983.[1]  Plaintiff is an inmate at the Federal Correctional Institution in Estill, South Carolina, and he files this action *in forma pauperis* under 28 U.S.C. §§ 1915 and 1915A.[2] The plaintiff filed a "Motion for Temporary Injunction."  This motion (docket entry 2) should be denied, and the defendant Estill Federal Correctional Institution should be dismissed prior to service of process.

_____

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

<u>Review pursuant to the Prison Litigation Reform Act (PLRA)</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Furthermore, even if the plaintiff had paid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*,

2

449 U.S. 9 (1980) (*per curiam*).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387,  (4th Cir. 1990).

Discussion

I. <u>Motion For Temporary Injunction</u>

On April 30, 2007, plaintiff filed a "Motion for Temporary Injunction," which this Court construes to be a Motion under Federal Rule of Civil Procedure 65(a) for a preliminary injunction. In determining whether to grant injunctive relief prior to trial, a court must consider four factors:

(a)     The plaintiff's likelihood of success in the underlying dispute between the parties;
(b)     whether the plaintiff will suffer irreparable injury if the injunction is not issued;
(c)     the injury to the defendant if the injunction is issued; and
(d)     the public interest.

*Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 271 (4th Cir.2002) (*citing Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 193-95 (1977)).  The court must first determine whether the plaintiff has made a strong showing of irreparable harm if the injunction were to be denied; if so, then the court must balance the likelihood of harm to the plaintiff against the likelihood

3

of harm to the defendant if the injunction were issued. *Id.* (*citing Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 859 (4th Cir. 2001); *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir.1991)).

> If the balance of the hardships "tips decidedly in favor of the plaintiff," *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 359 (4th Cir.1991)(internal quotation marks omitted), then typically it will "be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation," *Blackwelder*, 550 F.2d at 195 (internal quotation marks omitted). But if the balance of hardships is substantially equal as between the plaintiff and defendant, then "the probability of success begins to assume real significance, and interim relief is more likely to require a clear showing of a likelihood of success." *Direx*, 952 F.2d at 808 (internal quotation marks omitted).

*Scotts Co.*, 315 F.3d at *271*(footnote omitted).

Plaintiff cannot show that he will suffer irreparable injury if the preliminary injunction is not issued. Plaintiff seeks to be returned to the higher pay level that he received at FCI-Coleman ("the waiver") for his prison work, which this Court believes could be rectified retroactively by monetary damages should he prevail in the case. His losing money from earning a lower pay rate is not irreparable injury. Without irreparable injury to plaintiff, this Court cannot balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant if the injunction were issued. Even if the plaintiff had shown some irreparable injury, consideration of the public interest factor weighs strongly in favor of this Court *not* interfering with day-to-day prison management by prison officials. Ordering the Bureau of Prisons to raise the plaintiff's pay rate would be entering the arena of prison management, which this Court is not inclined to do. Plaintiff fails to show he is entitled to the extraordinary relief of a preliminary injunction. **The motion should be denied.**

4

II. <u>Defendant Estill Federal Correctional Institution</u>

In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person." The Estill Federal Correctional Institution is a group of buildings or a facility. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. Hence, the Estill Federal Correctional Institution is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). **Because the Estill Federal Correctional Institution is not a proper party defendant in this *Bivens* action, it should be dismissed prior to service of process.**

Recommendation

Accordingly, it is recommended that the District Court deny the "Motion for Temporary Injunction" and summarily dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process as to Defendant Estill Federal Correctional Institution only.

5

Process shall issue for service of the remaining defendants. *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201, 202-04 & n.* (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

                              s/Thomas E. Rogers, III
                              Thomas E. Rogers, III
                              United States Magistrate Judge

May 21, 2007
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).