IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MICHAEL NOLAN, | Civil Action No. 4:07-1141-JFA-TER |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| MATTHEW HAMIDULLAH, WARDEN OF FCI ESTILL, et. al., | |
| Defendants. | |

**I.      INTRODUCTION**

The plaintiff, acting pro se, filed this action on April 30, 2007. On January 28, 2008, the undersigned issued an Order granting plaintiff's motion for appointment of counsel and appointing J. Ashley Twombley as attorney for plaintiff. (Document # 45). On October 2, 2008, plaintiff's motion to amend his complaint was granted. (Document # 55). The amended complaint was filed on October 3, 2008, and defendants filed a motion to dismiss (Document # 68) on December 3, 2008. Plaintiff filed a response in opposition on January 14, 2009, and defendants filed a reply on February 4, 2009. A hearing was held on June 17, 2009.  This motion is currently before the court.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.  Because these motions are potentially dispositive of Plaintiff's claims, this Report and Recommendation is entered for review by the district judge.

**II.     STANDARD FOR MOTION TO DISMISS**

A motion to dismiss under Rule 12 tests the sufficiency of the complaint.  It does not resolve conflicts of facts.  A court may dismiss a complaint only if it is clear that no relief could be granted

under any set of facts that could be proved consistent with the allegations. It does not resolve conflicts of facts, the merits of the claim, or the applicability of defenses asserted. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999), Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the factual allegations in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

When a Rule 12(b)(1) motion is raised as to the factual basis for subject matter jurisdiction, the plaintiff bears the burden of proving jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 766 (4th Cir.1991). When evaluating a challenge to jurisdiction under Rule 12(b)(1) the court can go beyond the face of the complaint and consider evidence without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982); see also Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768.

When a defendant files a motion to dismiss the plaintiff's complaint for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff must prove jurisdiction by a preponderance of the evidence. Mylan Labs., Inc. v. Akzo, 2 F.3d 56, 59-60 (4th Cir.1993). When a court declines to hold an evidentiary hearing and decides to rely on the parties' pleadings, affidavits, and other legal documents, the plaintiff faces a lesser standard such that the plaintiff only must "make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989). "In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Id.

## III. FACTUAL ALLEGATIONS

Plaintiff contends that he became legally blind while incarcerated and, as such, has no training or experience living a site challenged life. He alleges that he has never been taught how to walk with a walking stick/cane and does not know how to read Braille. He further alleges that he cannot make telephone calls, operate combination locks, or see signs identifying hazards, stairways, or letters identifying hot and cold water in the bathroom. He alleges that he cannot not read materials such as inmate grievance procedures, handbooks, guidelines, and regulations. Plaintiff asserts that Defendants know of these disabilities, but have refused to accommodate his condition and assist him in negotiating the prison environment. Plaintiff alleges that Defendants have failed to comply with Congress's mandate regarding an adult literacy program with respect to him. Plaintiff asserts causes of action for cruel and unusual punishment, violation of due process, and violation of § 504 of the Rehabilitation Act of 1973. Plaintiff seeks an order that Defendants make reasonable accommodations for Plaintiff to participate in the benefits that non-sight challenged prisoners enjoy, for him to live independently, and so that he can participate in the functional literacy program. He also seeks an award of money damages "of every kind allowed by the law" as well as attorney's fees and costs.

## IV. ANALYSIS

### A. Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended

section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Exhaustion under the PLRA is required for both ADA claims and claims under the Rehabilitation Act. See O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1060-61 (9th Cir. 2007).

Defendants assert that plaintiff has failed to exhaust his administrative remedies with respect to all claims except with regard to his allegations concerning his ability to earn a General Equivalence Diploma (GED) and pay grade. Therefore, defendants argue that plaintiff's other claims regarding reasonable accommodations to make telephone calls, operate combination locks, identifying hazards, identifying hot and cold water in the bathroom, and learning to use a walking stick and read braille, all of which defendants argue appear to be alleged violations of the Rehabilitation Act, have not been exhausted. However, in the amended complaint and in response to the motion to dismiss, plaintiff asserts that defendants hindered his ability to file some grievances and have , thus, denied him access to courts.

As this is a motion to dismiss, the undersigned cannot review matters outside of the pleadings.[1] Therefore, as plaintiff has claimed denial of access to courts alleging defendants prevented him from obtaining needed items to file his grievances and/or hindered his ability to exhaust, it is recommended

---

[1] The PLRA's exhaustion requirement is not jurisdictional. Woodford v. Ngo, 548 U.S. 81, 101, 126 S.Ct. 2378, 2392, 165 L.Ed.2d 368 (2006) (stating it is "clear that the PLRA exhaustion requirement is not jurisdictional"). Instead, exhaustion under the PLRA is an affirmative defense to be raised by the defendant and is subject to the usual procedural practice. Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 919-21, 166 L.Ed.2d 798 (2007). If the existence of an affirmative defense, such as a failure to exhaust, is clear from the face of the pleadings, consideration under Rule 12(b)(6) is appropriate. Otherwise, failure to exhaust should be raised at summary judgment pursuant to Rule 56 so that matters outside the pleadings may be considered.

that the motion to dismiss be denied at this stage as to the exhaustion issue.

### B. Subject Matter Jurisdiction

Defendants argue that this court lacks jurisdiction over Plaintiff's claims for money damages against the United States, the Bureau of Prisons, and the individual Defendants in their official capacities. First, Plaintiff's claims for cruel and unusual punishment and violation of due process fall under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Defendants assert that the doctrine of sovereign immunity shields the United States from suit for money damages absent its consent to be sued. As the United States has not consented to be sued, Defendants argue the courts lack jurisdiction over Plaintiff's claims for money damages against the United States, the Bureau of Prisons and the individual Defendants in their official capacities and the claims should be dismissed.

Federal courts have power under 28 U.S.C. § 1331 (1994) to award damages occasioned by infringements by federal officials of constitutionally protected interests. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); see Radin v. United States, 699 F.2d 681, 684 (4th Cir.1983) (Bivens recognized an action against federal officers sued in individual capacities, but not against the United States). Plaintiff's Bivens action cannot lie against the United States nor against the individual defendants in their official capacities to the extent he seeks money damages. See United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) (the United States cannot be sued without its express consent.); Radin v. United States, 699 F.2d 681, 685 (4th Cir.1983); Keene Corp. v. United States, 700 F.2d 836, 845 n. 13 (2d Cir.1983) (Bivens does not allow for recovery of money damages, or suits in general, against the government itself.). Thus, to the extent the United States, the Bureau of Prisons, and the individual

5

Defendants in their official capacities are being sued under Bivens for money damages, the claims are barred by the doctrine of sovereign immunity. Sovereign immunity does not bar damage actions against federal officials in their individual capacities for violation of an individual's constitutional rights. Gilbert v. Da Grossa, 756 F.2d 1455, 1459 (citing Davis v. Passman, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846(1979). Thus, to the extent the individual Defendants are being sued in their individual capacities under Bivens, Plaintiff's claims for money damages are not barred by the doctrine of sovereign immunity.

Similarly, to the extent Plaintiff asserts a claim under the Rehabilitation Act for money damages, such a claim fails against the United States, the Bureau of Prisons and the individual Defendants in their official capacities. The Supreme Court has held that sovereign immunity bars Rehabilitation Act claims for damages against Executive agencies relating to programs and activities that they conduct. Lane v. Pena, 518 U.S. 187, 197 (1996). Thus, Plaintiff's claims for money damages under the Rehabilitation Act are barred by the doctrine of sovereign immunity.

In sum, Plaintiff's claims for monetary damages against the United States, Bureau of Prisons, and the remaining Defendants in their official capacities should be dismissed for lack of subject matter jurisdiction as these Defendants enjoy sovereign immunity.

### C. Claims Against Individual Defendants under the Rehabilitation Act

Defendants next argue that the Rehabilitation claims must be dismissed against all the individual defendants in their individual capacities. Individual Defendants cannot be liable under the Rehabilitation Act in their individual capacities. Pathways Psychosocial v. Town of Leonardtown, 133 F.Supp.2d 772 (D.Md.2001); Eason v. Clark County School Dist., 303 F.3d 1137, 1145 (9th Cir.2002). Thus, the claims under the Rehabilitation Act should be dismissed to the extent they are

asserted against the individual Defendants in their individual capacities.[2]

### D. Personal Jurisdiction

Defendants argue in their motion to dismiss that the court lacks personal jurisdiction over defendants Lappin, Watts, and Holt because the mere fact that they are employees of the Department of Justice and BOP does not create sufficient contact with South Carolina to satisfy the requirements of personal jurisdiction. Plaintiff has responded that this argument is premature in that the time for discovery has not been completed and he wants to take telephonic depositions to establish sufficient contact. As this is a motion to dismiss and matters outside of the pleadings are not considered and the fact that plaintiff is requesting to complete discovery on this issue, it is recommended that the motion to dismiss be denied at this time as to personal jurisdiction over defendants Lappin,, Watts, and Holt.

### E. Constitutional Claims

#### 1. Eighth Amendment (Cruel and Unusual Punishment)

Defendants argue that there is no Eighth Amendment violation and the claims should be dismissed. Defendants argue that the Eighth Amendment does not afford protection against conditions of confinement which cause mere discomfort or inconvenience. Therefore, items such as learning to use a walking stick/cane or how to read braille may be desirable but deprivation of such items and opportunities does not inflict unnecessary and wanton pain within the meaning to the Eighth

---

[2]Defendants originally argued that the §504 of the Rehabilitation Act does not apply to Federal Prisons. Subsequently, Defendants filed a notice withdrawing that argument based on an agency decision not to advance said argument based on a 1998 case wherein the Supreme Court rejected the argument that Title II of the ADA does not apply to state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206 (1998). Therefore, defendants assert that this holding causes doubt on the continuing validity of prior circuit precedent suggesting that the Rehabilitation Act does not apply to federal prisons.

Amendment. Further, defendants argue that plaintiff cannot show that he has a constitutional right to any activities such as being able to read the keyboard on a telephone, being able to operate a combination lock, not being able to identify hazards, not being able to identify the hot and cold water in the bathroom, and not being able to read grievance procedures, handbooks, guidelines, and regulations. Plaintiff asserts that he has sufficiently pleaded a cause of action for cruel and unusual punishment and the case should proceed so that he can present evidence to support his allegations. Dismissal on the merits of Plaintiff's claims at this stage in the litigation would be premature.

### 2. Fourteenth Amendment (Access to Courts)

As to the claims that he has been denied access to the courts by defendants refusing to assist him in obtaining access to the court by intentionally interfering with his ability to correctly and effectively grieve issues related to this suit, Defendants argue such a claim fails because he has not shown an injury and he does not have a constitutional right to a grievance procedure. Again, Plaintiff asserts that he has stated a legally cognizable claim that he should be allowed to conduct discovery and present evidence as to this claim. The court agrees. Defendants' arguments can be raised at summary judgment after all parties have had the opportunity to conduct discovery.

### 3. Fifth Amendment (Equal Protection)

Finally, Defendants argue that Plaintiff's claims related to his work assignment, pay grade, and literacy program fail because there is no constitutionally protected liberty interest in prison employment or a particular job. Plaintiff asserts that Defendants have discriminated against him in violation of the equal protection secured by the Fifth Amendment due to his disability related to his work assignment, pay grade and participating in the mandatory literacy program.

Plaintiff acknowledges that he did not specifically assert equal protection or the Fifth Amendment in his Amended Complaint but argues that even a cursory reading of the Amended Complaint reveals that he asserts that his constitutional rights have been violated as a result of Defendants' discrimination against him due to his disability. Plaintiff requests that, to the extent the court finds that an equal protection claim has not been sufficiently pleaded, he be allowed to file a second Amended Complaint wherein he clarifies his allegations with respect to equal protection.

In his Amended Complaint, Plaintiff sets forth only three distinct causes of action: cruel and unusual punishment, violation of due process, and violation of § 504 of the Rehabilitation Act. However, Plaintiff includes allegations that "Defendants have excluded Plaintiff from the benefits of the functional literacy program and have also excluded him from the benefits of the pay grade system [related to his work assignments] due solely to his disability." Amended Complaint, ¶ 37. Plaintiff also alleges under his Rehabilitation Act cause of action that as "a result of Plaintiff's physical impairment, Defendants have denied Plaintiff the opportunity to participate in the functional literacy program and pay grade program." Id. at ¶ 49. The undersigned finds that, although the Amended Complaint includes allegations that hint at an equal protection violation, it does not clearly set forth a separate cause of action for such. The undersigned has entered an Order contemporaneously herewith addressing Plaintiff's request to amend his Amended Complaint.

## V. CONCLUSION

For the reasons set forth above, it is recommended that Defendants' Motion to Dismiss be granted in part and denied in part. Specifically, it is recommended that Defendants' Motion to Dismiss be granted as to Plaintiff's claims for monetary damages except to the extent he seeks monetary damages from Defendants in their individual capacities for his claims falling under Bivens.

In addition, it is recommended that Defendants' Motion to Dismiss be granted with respect to Plaintiff's claims under the Rehabilitation Act against the individual Defendants in their individual capacities. It is recommended that Defendants' Motion to Dismiss be denied in all other respects.

                                              s/Thomas E. Rogers, III
                                              Thomas E. Rogers, III
                                              United States Magistrate Judge

August 13, 2009
Florence, South Carolina