IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Michael Nolan, | ) | C/A No.: 4:07-1141-JFA-TER |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| Matthew Hamidullah; M.L. Rivera; Kathryn Mack; Alberto R. Gonzales; Michael B. Mukasey; Harley G. Lappin; Ray Holt; Harley G. Lappin; Ray Holt; Harrell Watts; the United States of America; the Bureau of Prisons; and John Doe, | ) | **ORDER** |
| Defendants. | ) | |

This matter is before the court for review of the Magistrate Judge's report and recommendation ("Report") made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) (D.S.C.):

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a <u>de novo</u> determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a <u>de novo</u> or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

Plaintiff Michael Nolan is an inmate at the Federal Correctional Institution in Estill, South Carolina. He originally filed his complaint pro se, but was subsequently appointed counsel to represent him in this matter. In his amended complaint filed October 3, 2008 [dkt. # 56], plaintiff claims that his glaucoma has advanced to the point that he is now legally blind. He contends that defendants have violated his constitutional rights by refusing to accommodate his condition, arguing that (1) the defendants' actions rise to the level of cruel and unusual punishment violating his Eighth and Fourteenth Amendment rights; (2) his right to due process has been violated on account of defendants' refusal to assist him in obtaining access to the courts and intentionally interference with his ability to correctly and effectively grieve issues related to this suit; and (3) the defendants have violated Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act") by denying him the opportunity to participate in the functional literacy program and pay grade program. He seeks monetary damages, injunctive relief, and attorney's fees.

On December 3, 2008, defendants filed a motion to dismiss [dkt. # 68], arguing that (1) plaintiff has failed to exhaust administrative remedies on all but two of his claims; (2) the court lacks subject matter jurisdiction over plaintiff's Bivens[1] claims against the defendants in their official capacity, the BOP, and the United States; (3) the court lacks subject matter jurisdiction over damages claims under the Rehabilitation Act; (4) the court lacks subject

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

matter jurisdiction over plaintiff's claims against defendants in their individual capacities under the Rehabilitation Act; (5) the Rehabilitation Act does not apply to federal prisons; (6) the court lacks personal jurisdiction over defendants Lappin, Watts, and Holt; and (7) the plaintiff has failed to state a claim of a constitutional right.

On August 13, 2009, the Magistrate Judge assigned to this action filed a comprehensive Report, wherein he recommends that the defendants' motion to dismiss be granted in part and denied in part. Specifically, the Report recommends defendants' motion to dismiss be granted as to plaintiff's claims for monetary damages except to the extent he seeks monetary damages from defendants in their individual capacities for his claims falling under Bivens. The Report also recommends that defendants' motion be granted with respect to plaintiff's claims under the Rehabilitation Act against the individual defendants in their individual capacities, and that the motion be denied in all other respects.

The parties were advised of their right to file objections to the Report. However, no objections have been filed and the deadline has expired. Because the Magistrate Judge fairly and accurately summarizes the facts and standards of law, the same will not be repeated herein.

After carefully reviewing the applicable law, the record in this case, and the Report, the court agrees with the Magistrate Judge's analysis and recommendation and incorporates the Report herein by reference. Accordingly, defendants' motion to dismiss is granted as to plaintiff's claims for monetary damages except to the extent he seeks monetary damages

from defendants in their individual capacities for his claims falling under Bivens. Defendants' motion is granted with respect to plaintiff's claims under the Rehabilitation Act against the individual defendants in their individual capacities. The motion is denied in all other respects. Plaintiff's pending Motion to Amend is referred to the Magistrate Judge for disposition.

IT IS SO ORDERED.

September 10, 2009  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge