EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MICHAEL A. NOLAN, #30230-074, | ) C/A No. 4:07-1141-JFA-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MATTHEW HAMIDULLAH[1]; M. L. RIVERA; | ) |
| KATHRYN MACK; ALBERTO GONZALES; | ) |
| MICHAEL B. MUKASEY; HARLEY G. | ) |
| LAPPIN; RAY HOLT; HARRELL WATTS; | ) |
| THE UNITED STATES OF AMERICA; THE | ) |
| BUREAU OF PRISONS; AND JOHN DOE[2]; | ) |
| | ) |
| Defendants. | ) |

**STIPULATION FOR COMPROMISE SETTLEMENT**

It is hereby stipulated by and between Michael Nolan, Plaintiff, and the United States of America, by and through the undersigned attorneys, as follows:

1. The parties do hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth herein. Plaintiff agrees that all individual defendants are hereby dismissed with prejudice and that the only remaining defendant is the United States of America.

2. The United States agrees to pay to attorney fees and costs in the sum of Fourteen Thousand and Five Hundred Dollars ($14,500.00), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and

---

[1]The individual defendants have been dismissed from this suit with prejudice and the only remaining defendants is the United States of America.

[2]The undersigned does not represent the John Doe defendant in that the undersigned has not been authorized by the Department of Justice to represent "John Doe."

1

EXHIBIT B

nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen consequence thereof, resulting, and to result, from the same subject matter that gave rise to the above-captioned lawsuit.

3. Plaintiff and his heirs, executors, administrators or assigns hereby agree to accept the sum of Fourteen Thousand and Five Hundred Dollars($14,500.00), in attorney fees and costs in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned lawsuit.

4. This Stipulation for Compromise Settlement is not and shall not be construed as an admission by any defendant of the truth of any allegation or the validity of any claim asserted in this lawsuit, or of the defendant's liability therein. Furthermore, none of the terms of the Stipulation for Compromise Settlement may be offered or received in evidence or in any way referred to in any civil, criminal or administrative action or proceeding other than proceedings that may be necessary to consummate or enforce this Stipulation for Compromise Settlement.

5. It is also agreed, by and among the parties, that the settlement amount of Fourteen Thousand and Five Hundred Dollars($14,500.00) in attorney fees and costs, represents the entire financial amount of the compromise settlement from the United States and that such amount includes costs, fees, and expenses and attorneys fees owed to the Plaintiff.

6. In exchange for Plaintiff's dismissal of all individual defendants with prejudice, it is agreed that the Federal Bureau of Prison will provide a qualified Braille instructor (which will be

a person who comes to the facility) for Plaintiff Nolan during the continued course of the current incarceration to teach Plaintiff Nolan the first level of Braille. 1 The qualified Braille instructor will develop a plan/schedule to teach Plaintiff Nolan Braille and will certify to Plaintiff's counsel via affidavit that such plan/schedule is adequate to successfully teach Plaintiff Nolan the first level of Braille (functional Braille) by the time of his release. This certification assumes that Plaintiff Nolan will cooperate in good faith with said plan/schedule.

7. Nothing in this Stipulation for Compromise Settlement prohibits the Federal Bureau of Prisons from making placement/housing decisions within the normal function for the safe operation of the prison.

8. The Federal Bureau of Prisons further agrees to provide sight challenged independent living skills instruction/training to Plaintiff Nolan prior to his release. The Federal Bureau of Prisons has currently enrolled the Plaintiff with the Massachusetts Commission for the Blind (MCB) to learn independent living skills. In the event Plaintiff Nolan is transferred from Massachusetts, or the MCB can no longer provide these services, the Federal Bureau of Prisons agrees to provide these services from another source to ensure that the Plaintiff is provided independent living skills lessons prior to his release.

9. This Stipulation for Compromise Settlement will be effective upon adoption by the Court and shall be effective for a period of three (3) years from its date of entry or until Plaintiff Nolan is released from the instant sentence. The Court shall retain jurisdiction of this action for a period of three (3) years after its date of entry or until Plaintiff Nolan is released from the instant sentence to ensure compliance with the terms of this Stipulation for Compromise Settlement.

EXHIBIT B

10. The District Court for the District of South Carolina shall have continuing jurisdiction during said three (3) year period over the parties hereto to make any and all such orders as may be proper and necessary to approve, effectuate, consummate, implement, and enforce, on a continuing basis, the terms and conditions of this Stipulation for Compromise Settlement. Any dispute, controversy, question, or claim relating to or concerning the interpretation or enforcement of this Stipulation for Compromise Settlement shall initially be presented to the District of South Carolina's United States Attorney's Office and the South Carolina Consolidated Legal Office for review. If said dispute, controversy, question, or claim relating to or concerning the interpretation or enforcement cannot be satisfactorily resolved by the parties within thirty (30) days, then said matter shall be presented to the Court for resolution. If an action is filed by Plaintiff after the thirty (30) day period referenced above, and the Court determines that Defendant breached this agreement, Defendant agrees to pay Plaintiff's reasonable attorneys fees and costs associated with the suit.

11. Payment of the settlement amount will be made by a check for Fourteen Thousand and Five Hundred Dollars ($14,500.00), in attorney fees and costs, and made payable to J. Ashley Twombley, Plaintiff's attorney.

12. In consideration of the payment of Fourteen Thousand and Five Hundred Dollars ($14,500.00), in attorney fees and costs, as set forth above, Plaintiff agrees that he will cause his attorney to execute and file with the court such documents as shall be necessary to cause the above-styled action to be dismissed with prejudice from the docket of the court.

13. The parties agree that Plaintiff will be exempt from the Functional Literacy Program and that his alleged failure to complete the Functional Literacy Program will not interfere or serve as an impediment to Plaintiff's pay grade.

EXHIBIT B

14. The parties agree that neither will take any retaliatory action against the other for any matter related to this suit or settlement agreement.

15. The parties agree that no additional funds will be deducted from Plaintiff's inmate account for filing fees related to this suit.

16. The parties agree to cooperate with each other in good faith to implement and comply with this agreement.

17. The undersigned attorneys have the authority of their respective clients to sign this agreement and this agreement will be binding on the Plaintiff Nolan and the United States of America by virtue of their attorney's signature.

Executed this 11th day of December, 2009.

By: /s/ J. Ashley Twombley
J. Ashley Twombley
Attorney for Plaintiff

By: /s/
Plaintiff Michael Nolan

W. WALTER WILKINS
UNITED STATES ATTORNEY

By: /s/ Barbara M. Bowens
Barbara M. Bowens (#4004)
Assist. U.S. Attorney
1441 Main Street, Suite 500
Columbia, S. C. 29201

By: /s/ TRC
Tami Rippon-Cassaro
Supervisory Attorney
South Carolina Consolidated
Legal Services
501 Gary Hill Road
Edgefield, SC 29824