IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Michael Nolan, | C/A No.: 4:07-1141-JFA-TER |
| Plaintiff, | |
| vs. | **ORDER** |
| Matthew Hamidullah; M.L. Rivera; Kathryn Mack; Alberto Gonzales; Michael B. Mukasey; Harley G. Lappin; Ray Holt; Harrell Watts; the United States of America; the Bureau of Prisons; and John Doe, | |
| Defendants. | |

This matter comes before the Court on the plaintiff's motion to enforce the settlement agreement, the defendants' motion to stay discovery or for a protective order, and the plaintiff's motion to strike portions of Ivonne M. Benet-Rivera's affidavit and to allow discovery.

I.  **Factual and Procedural Background**

The plaintiff is an inmate in Devens, Massachusetts at the Federal Medical Center ("FMC Devens"). He filed a complaint on April 30, 2007 pro se but was later appointed counsel to represent him in his suit against the defendants for alleged violations of his constitutional rights. The plaintiff, who suffers from glaucoma, claimed that the defendants refused to accommodate his impaired vision while he was incarcerated and violated his Eighth and Fourteenth Amendment rights, his due process rights, and Section 504 of the

Rehabilitation Act of 1973.

### A. Settlement Agreement

The parties reached a compromise, and on December 16, 2009, the Court granted the parties' joint motion to approve a settlement agreement. (ECF No. 96). The Court retained jurisdiction until the earlier of December 16, 2012 or the plaintiff's release date. In the "Stipulation for Compromise Settlement," the individual defendants were dismissed from the suit with prejudice, and the United States was left as the sole remaining defendant. In addition to other provisions, the settlement agreement included a provision that the Bureau of Prisons would furnish the plaintiff with a qualified Braille instructor who would work out a schedule of lessons and give an affidavit to plaintiff's counsel that the schedule was adequate to teach the plaintiff the first level of Braille prior to his release date. Additionally, the Bureau of Prisons agreed to provide the plaintiff with "sight challenged independent living skills instruction/training" prior to his release. The settlement agreement stated that "[t]he Federal Bureau of Prisons has currently enrolled the Plaintiff with the Massachusetts Commission for the Blind (MCB)" for this training. (ECF No. 94-1).

In response to an inquiry as to the progress of the plaintiff's training, the Bureau of Prisons sent plaintiff's counsel the affidavit of Ivonne M. Benet-Rivera on March 29, 2010. Ms. Benet-Rivera is the Supervisor of Education at FMC Devens. She stated in her affidavit that the plaintiff was "registered and participating in the Braille Literacy program," which is "provided by a qualified community volunteer who visits the institution twice a month."

(ECF No. 99-5). Because this affidavit was not provided by a qualified Braille instructor as required by the settlement agreement, the plaintiff's counsel wrote to the Bureau of Prisons on April 5, 2010 to inform them that he considered the affidavit to be insufficient and not in compliance with the settlement agreement. The Bureau of Prisons responded that the community volunteer was uncomfortable signing an affidavit and becoming involved in litigation.

On June 15, 2010, the plaintiff's counsel filed a motion to enforce the settlement agreement because he had not received an affidavit from a qualified Braille instructor and because he had learned that the plaintiff was not and had never been enrolled in a program that taught independent living skills. (ECF No. 99).

**B.   Braille Instructor Affidavit**

The Government responded to the plaintiff's motion on July 9, 2010 arguing that it had complied in good faith. (ECF No. 102). It was unable to get an affidavit from the volunteer Braille instructor because she was unwilling to get involved in litigation. Because she was not a federal employee, the Government could not demand that she supply an affidavit. Therefore, it provided one in good faith from Ivonne M. Benet-Rivera who had personal knowledge of the volunteer's qualifications and teaching plan.

To alleviate the plaintiff's counsel's concerns, the Court spoke directly with the volunteer Braille instructor about the plaintiff's progress. In an order dated August 19, 2010, this Court found that the defendants had substantially complied with the settlement

3

agreement regarding the plaintiff's Braille instruction. (ECF No. 110).

C.  **Independent Living Skills Training**

The issue of the plaintiff's independent living skills instruction remains. The plaintiff argues that it was a misrepresentation by the Government to state in the settlement agreement that the plaintiff was already enrolled in a program to teach him independent living skills when he was not. The plaintiff's counsel has provided the Court with an affidavit from Joan Goodlight, a Social Rehabilitation Supervisor for MCB, which says that on October 16, 2009, two months before the approval of the settlement agreement, she went to FMC Devens to perform an assessment of the plaintiff. (ECF No. 106). At that meeting, a prison representative told Ms. Goodlight that the plaintiff would not have access to certain equipment and areas in the prison that would be necessary for training purposes. Ms. Goodlight states that she did not hear from FMC Devens again regarding the plaintiff, and the case file was closed on November 16, 2009, one month before the settlement agreement was signed.

The Government's counsel alleges that it "believed at the time of executing the Agreement that Plaintiff was enrolled in MCB [Massachusetts Commission for the Blind] programs" and that it did not knowingly make a misrepresentation to the Court. (ECF No. 102). After the settlement agreement was executed and the plaintiff filed the motion to enforce it, the Government's counsel was told that MCB representatives interviewed the plaintiff and determined that it would be difficult logistically to train the plaintiff while he

was in prison. MCB informed the plaintiff that it could help him after his release. At a hearing on August 2, 2010, counsel for the Government indicated that confusion may have occurred because the plaintiff was "registered" with MCB at the time of the assessment, but he was not "enrolled" in an actual program.

On August 19, 2010, the Court asked the Government to provide an affidavit from a Bureau of Prisons official explaining the status of the plaintiff's life skill training. (ECF No. 109). On September 9, 2010, the Government submitted a declaration from Ivonne M. Benet-Rivera. (ECF No. 113-2). In addition to indicating that she suspected the plaintiff of malingering, the declaration outlined the services and programs available to inmates with limited sight in the prison. Although she was not present when MCB came to FMC Devens to assess the plaintiff, it was her understanding that MCB was unable to help the plaintiff while he was incarcerated. Following the 2009 assessment, MCB never requested access to certain prison areas for the purpose of training the plaintiff, but she was aware of another MCB assessment that was to take place in the near future. In the plaintiff's motion to strike portions of the declaration, he takes issue with the implication that he is not actually blind and that MCB is somehow responsible for causing the Bureau of Prisons to misrepresent the plaintiff's training status. (ECF No. 114).

During a conference call with counsel for the parties on December 2, 2010, the Court was informed that MCB is currently making visits to the prison and instructing the plaintiff on how to function outside of the prison with limited sight. It was indicated that this training

would continue for as long as the plaintiff needed it or until he is released from prison.

At this point, all parties agree that the plaintiff is receiving a sufficient level of life skills training. The plaintiff contends that this cooperation from the Bureau of Prisons has come months too late and that he has suffered damages as a result. Although the prison was not as diligent as it could have been in making sure that the provisions of the settlement agreement were properly implemented earlier, the plaintiff is now receiving the training he bargained for and will be prepared to function with his condition outside of prison upon his release.

**II.     Conclusion**

Because all provisions of the settlement agreement are now being adhered to, the Court finds that the plaintiff's motion to enforce the settlement agreement is moot. Therefore, the defendants' motion to stay discovery or for a protective order and the plaintiff's motion to strike portions of Ivonne M. Benet-Rivera's affidavit and to allow discovery are also moot.

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

December 6, 2010                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                              United States District Judge